# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BRENNEN CLANCY,**

    **Plaintiff,**

**v.**                                                                   Case No:   6:18-cv-501-Orl-41KRS

**FLORIDA DEPARTMENT OF CORRECTIONS, INTERSTATE COMPACT OFFICE FOR ADULT OFFENDERS and NORTHAMPTON COUNTY CORRECTIONS,**

    **Defendants.**

## AMENDED REPORT AND RECOMMENDATION[1]

(And Direction to the Clerk of Court)

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 3)
>
> **FILED:** May 1, 2018

On April 2, 2018, Plaintiff Brennan Clancy filed this action against Defendants, Florida Department of Corrections, Interstate Compact Office for Adult Offenders and Northampton County (PA) Corrections. Doc No. 1. Concurrent with his complaint, Clancy filed an Application to Proceed in District Court without Prepaying Fees or Costs (Long Form), which was referred to me

---

[1] The **Clerk of Court** is directed to terminate the original Report and Recommendation, Doc. No. 4.

for issuance of a Report and Recommendation.  Doc. No. 3.  I construed that application as a motion to proceed *in forma pauperis* and on May 7, 2018, I recommended that the motion be denied because Clancy failed to state a claim for which relief may be granted.  I recommended that he be given an opportunity to amend his complaint to properly allege viable claims.  Doc. No. 4.  Before the Court ruled on my Report and Recommendation, Clancy filed a second amended complaint (Doc. No. 5) and then a third amended complaint ("TAC").  Doc. No. 10.

In the TAC, Clancy asserts claims pursuant to 42 U.S.C. § 1983; the Freedom of Information Act, 5 U.S.C. § 552, *et seq.* ("FOIA"); the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; and three federal criminal statutes—18 U.S.C. § 3559; 18 U.S.C. § 3601; and 18 U.S.C. § 3603.  Doc. No. 10, at 3.  He alleges that Defendants "switched [his] status from misdemeanor to felony . . . during the transfer process."  *Id.* at 4.  He contends that he contacted all three Defendants to inform them of the error, but although they acknowledge wrong was done, they each deny responsibility and point blame at one another.  *Id.*  He alleges that he has suffered injuries pertaining to his personal background because falsely having a felony on one's background negatively affects an individual.  *Id.* at 5.  He seeks the removal of the felony from his record and $250,000.00 in damages.  *Id.*

Along with the third amended complaint, Clancy has filed an Application to Proceed in District Court without Prepaying Fees or Costs (Short Form), which I construe as another motion for leave to proceed *in forma pauperis*.  Doc. No. 9.  That motion was referred to me for issuance of this Report and Recommendation, and the matter is now ripe for review.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a plaintiff seeks to proceed *in forma pauperis* the Court is required to consider whether the plaintiff's complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is

immune from such relief.  *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [in forma pauperis] litigants — prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories."). Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject-matter jurisdiction in a case.  *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)).   "[I]t is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary."  *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject-matter jurisdiction, even when a party has not challenged it.  *See, e.g.*, *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

A complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir.1997).   To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a plain statement possessing enough heft to sho[w] that the pleader is entitled to relief.  *Twombly*, 550 U.S. at 555, 557.   However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

As indicated in the original Report and Recommendation, Doc. No. 4, the allegations of the TAC still fail to state a claim upon which relief can be granted. The TAC includes even fewer factual allegations than the original complaint and wholly fails to set forth what facts might support each cause of action against each Defendant. Moreover, three of Clancy's causes of action are based on Defendants' alleged violations of federal criminal statutes. Absent some expression of Congressional intent to create a private right of action, a plaintiff cannot maintain a civil claim against a defendant for violation of a federal criminal statute. *See*, *e.g.*, *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1303 (11th Cir. 2008) (rejecting notion that Congress authorized "a federal private right of action any time a civil plaintiff invokes a federal criminal statute").

As noted in my original Report and Recommendation, although Clancy's complaint should be construed leniently in light of his *pro se* status, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." Ordinarily, a *pro se* party should be given one opportunity to file an amended complaint that states a claim within this Court's subject-matter jurisdiction on which relief could be granted. *See Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002). However, Clancy has already twice exercised his option to file an amended complaint, and the TAC remains insufficient to state a claim for which relief may be granted. Because Clancy was advised of the manner in which the case must be pleaded in the original Report and Recommendation, his failure to sufficiently plead his claims in the TAC suggests that permitting him to file a fourth amended complaint would be an exercise in futility.

Therefore, I **RESPECTFULLY RECOMMEND** that the Court **DISMISS** the case and **DIRECT** the Clerk of Court to terminate all pending motions and, thereafter, to close the file. **Clancy is cautioned that he may not file another amended complaint unless granted leave to do so by the Court.**

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 24, 2018.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy